```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                         MAY - 7 2019

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JULIAN PEREZ, individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.

IZEA, INC., EDWARD MURPHY,
and LEANN C. HITCHCOCK.

        Defendants.

Case No. 2:18-cv-02784-SVW-GJS

CLASS ACTION

[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING
FOR NOTICE AND HEARING

      WHEREAS, a consolidated class action, entitled *Perez v. IZEA, Inc. et al.*,

No. 2:18-cv-02784-SVW-GJS is pending before the Court (the "Action");

      WHEREAS, (i) Lead Plaintiffs Steven Highfill, Saverio La Francesca, and

Jasdeep Condle ("Plaintiffs") and (ii) Defendants IZEA, Inc. ("IZEA"), Edward

Murphy, and LeAnn C. Hitchcock ("Defendants") have entered into the Stipulation

of Settlement dated April 15, 2019 (the "Stipulation"), providing for the settlement

of the Action and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Action in accordance with the Stipulation which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto, and all other pleadings herein, and the parties to the Stipulation having consented to entry of this Order; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Preliminary Approval of the Settlement**.  The Court preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to Class Members, subject to further consideration and final approval at the Settlement Hearing to be conducted as described below.

2.    **Certification of Settlement Class**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating the Settlement, the following Class: all persons and entities who purchased or

otherwise acquired the common stock of IZEA during the period from May 15, 2015 through April 3, 2018, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, all current and former directors and officers of IZEA during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice").

3. With respect to the Class, the Court finds for purposes of effectuating the Settlement that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs/proposed class representatives are typical of the claims of each Class; (d) Plaintiffs/proposed class representatives and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; (e) the questions of law and fact common to the Members of each Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by

1  Members of the Class; (iii) the desirability or undesirability of continuing the

2

3  Action in this forum.

4      4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

5  purposes of the Settlement only, Lead Plaintiffs are appointed as the Class

6
   Representatives and Lead Counsel is appointed as Class Counsel.
7

8      5.      **Settlement Hearing**.  A hearing (the "Settlement Hearing") shall be

9  held before this Court on ___September 23___ , 2019, at _1:30 p.m.___ a.m., at Courtroom 10A

10
    of the United States District Court, Central District of California, at 350 W. 1st
11

12  Street, Los Angeles, CA, 90012, to determine: (a) whether the proposed Settlement

13  of the Action on the terms and conditions provided for in the Stipulation is fair,

14
    just, reasonable, and adequate to each of the Parties and the Class and should be
15

16  approved by the Court; (b) whether the Final Judgment and Order of Dismissal,

17  annexed as Exhibit B to the Stipulation, should be entered dismissing the Action

18
    with prejudice against the Defendants; (c) whether the proposed Plan of Allocation
19

20  for the allocation of proceeds of the Settlement is fair and reasonable and should be

21  approved; (d) whether the Fee and Expense Application should be approved; and

22
    (e) any other matters that may properly be brought before the Court in connection
23

24  with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be

25  given to Class Members as set forth in this Order.

26

27

28

6.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7.     **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice, the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing Thereon (the "Publication Notice") annexed as Exhibits A-1, A-2, and A-3 hereto, respectively, and finds that mailing and distribution of the Notice and Proof of Claim and the publication of the Publication Notice substantially in the manner and form set forth in this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the proposed Settlement, exclude themselves from the Class, and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules.  The date and time of the Settlement

Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

8. **Retention of Claims Administrator and Manner of Notice**. Lead Counsel is hereby authorized to retain KCC Class Action Services (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims.

9. Not later than fourteen (14) calendar days after the date of entry of this Order, the Claims Administrator, under the direction of Lead Counsel, shall cause a copy of the Notice and the Proof of Claim (the "Claim Packet"), substantially in the form annexed hereto as Exhibits A-1 and A-2, to be sent by first class mail to all Members of the Class who can be identified from transfer records and from other sources available to the Claims Administrator and Lead Counsel with reasonable effort (the "Notice Date").

10. Not later than seven (7) calendar days after the Notice Date, Lead Counsel shall cause the Publication Notice to be published once in the national edition of the *Investor's Business Daily* and transmitted over the national circuit of *PR Newswire*.

11. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     Additionally, notice of the Action and the proposed Settlement shall be posted on the Claims Administrator's website.

13.     **Broker and Nominee Procedures**.  Brokers and nominees who purchased or held IZEA common stock during the Class Period for the benefit of another Person shall send the Claim Packet to the beneficial owners of such IZEA stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Claim Packet to such beneficial owners.  The Claims Administrator shall provide nominees with additional copies of the Claim Packet upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Claim Packet by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation.

14.     **Participation in the Settlement**.  Members of the Class who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of

Claim must be submitted no later than ninety (90) calendar days after the Notice Date. Each Proof of Claim shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when it was actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Class.

15.     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel and the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete, and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

16.     Any Class Member who does not submit a Proof of Claim within the time provided or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, its right to share in the Net Settlement Fund, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund; (b) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action related thereto, including, but not limited to, the Final Judgment and Order of Dismissal and the releases provided therein, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court; and (c) will be fully and forever barred from commencing, maintaining, or prosecuting any of the Released Claims against each of the Defendants and their Released Parties as defined in the Stipulation. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

17.     All members of the Class who do not submit a valid request for exclusion in accordance with Paragraph 18 below shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

18.     **Exclusion From The Settlement Class**.  Any Person falling within the definition of the Class, may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a "Request for Exclusion,"

postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address specified in the Notice. A Request for Exclusion must be signed by such person or his, her, or its authorized representative and shall state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of IZEA common stock, including the dates, the number of shares, and price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. A Request for Exclusion shall not be effective unless it provides all the required information, including supporting documentation of the Person's purchases and sales of IZEA common stock, and is received within the time stated above, or is otherwise accepted by the Court. Any Class Member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Released Claims against Defendants and their Released Parties.

19. Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

20. **Appearance and Objections**. Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of

their own choice.  If they do not enter an appearance, they will be represented by

Lead Counsel.

21.     Attendance at the Settlement Hearing is not mandatory.

Notwithstanding, any Class Member may appear and show cause (if he, she or it

has any) at the Settlement Hearing in person or by counsel and be heard in support

of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement

and the Final Judgment and Order of Dismissal entered thereon, the Plan of

Allocation, or the Fee and Expense Application submitted by Lead Counsel.

However, no Class Member or any other Person shall be heard or entitled to contest

the approval of the terms and conditions of the proposed Settlement, or, if

approved, the Final Judgment and Order of Dismissal to be entered thereon

approving the Settlement, the Plan of Allocation, or the attorneys' fees and

expenses to be awarded to Lead Counsel unless that Person has filed with the Court

and served on Lead Counsel and Defendants' Counsel written objections and copies

of any papers and briefs on or before twenty-one (21) calendar days prior to the

Settlement Hearing.  Such an objection must be signed and include the name,

address, telephone number, the number of shares of IZEA common stock purchased

and sold, and the prices paid or received per share of stock for each purchase or sale

(including proof of all purchases and sales of IZEA common stock), and the reasons

for the objection.  Any Class Member who does not make his, her or its objection in

the manner provided herein shall be deemed to have waived such objection and

shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Final Judgment and Order of Dismissal, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

22. **Stay**. All proceedings relating to the Class in the Action, except as set forth in the Stipulation, are stayed until further order of this Court. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, Plaintiffs and Members of the Class, either directly, representatively, or in any other capacity, shall not institute, commence, or prosecute any other proceedings, other than those incident to the Settlement itself, against Defendants and any of the Released Parties in any action or proceeding in any court or tribunal.

23. **Settlement Funds**. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a member of the Class, Plaintiffs, or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the

Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Settlement Administration Fees and Expenses**. All reasonable expenses incurred in identifying and notifying members of the Class, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Settlement Fund in accordance with the Stipulation.

26. **Taxes**. Lead Counsel is authorized and directed to prepare any tax returns and any tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27. **Use of This Order**. Neither the Stipulation nor the Settlement set forth therein, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it: (a) shall be deemed to be, or shall be used as an admission of any Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or Released Party; (b) shall be deemed to be, or shall be used as an admission of any

fault or omission of any Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (c) shall be offered or received in evidence against any Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Judgment and Dismissal Order, except that the Stipulation may be filed in the Action or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Released Parties in order to support a defense or counterclaim of any Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (d) shall be construed against the Defendants, Released Parties, Plaintiffs, and Members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (e) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs and Members of the Class or any of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

28.  **Termination**.  If the Settlement is terminated, is not approved by this Court, or the Effective Date does not occur, then this Order shall become null and void, of no further force and effect, and shall be without prejudice to the rights of the Plaintiffs, Class Members, and Defendants, all of whom shall be restored to their respective positions with respect to the Action, as provided for in the Stipulation.

29.  **Supporting Papers**.  All papers in support of the Settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses shall be filed and served no later than thirty (30) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

30.  **Retention of Jurisdiction**.  The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

Dated:  _May 7_, 2019

_____
Hon. Stephen V. Wilson
United States District Court Judge