

FILED
CLERK, U.S. DISTRICT COURT
SEP 26 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IZEA, INC., EDWARD MURPHY, and LEANN C. HITCHCOCK.<br><br>Defendants. | Case No. 2:18-cv-02784-SVW-GJS<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL**<br><br><u>CLASS ACTION</u> |

WHEREAS, (i) Lead Plaintiffs Steven Highfill, Saverio La Francesca, and Jasdeep Condle ("Plaintiffs"), and (ii) Defendants IZEA, Inc., Edward Murphy, and LeAnn C. Hitchcock ("Defendants") (collectively the "Parties") have entered into the Stipulation of Settlement dated April 15, 2019 (the "Stipulation"), providing for the settlement of the Action and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims (the "Stipulation"), on the

1
[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
2:18-cv-02784-SVW-GJS

terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation;

WHEREAS, in the Preliminary Approval Order dated May 7, 2019, this Court (a) preliminarily approved the Settlement; (b) certified the Action as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application; and (e) scheduled a hearing regarding, among other things, final approval of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on September 23, 2019 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the Members of the Class; and (iv) whether and in what amount to award Lead Counsel's fees and reimbursement of expenses; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Action, and with good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including, but not limited to, Plaintiffs, all Class Members, and Defendants.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, just, reasonable, and adequate to the Class.

4. The Settlement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

5. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class,[1] the Action (including all individual

---

[1] By virtue of such request, these Persons are deemed not to be Members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Fund. The Persons listed on Exhibit 1 are the only Persons who submitted requests for exclusion, and, as a consequence, these Persons are not bound

3
[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
2:18-cv-02784-SVW-GJS

claims and Class claims presented thereby) is dismissed with prejudice. The Parties are to bear their own fees and costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date hereof, and in consideration of: (a) Defendants' agreement to pay, and to instruct their insurance carriers to pay, the total amount of $1.2 million (the "Cash Settlement Amount") and (b) Defendants' release of Defendants' Released Claims, as set forth in the Stipulation, Plaintiffs and each Class Member (and their Released Parties, as set forth in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims, as defined in the Stipulation) against Defendants, and each of them, and each of their Released Parties, whether or not such Class Member executes and delivers a Proof of Claim. The releases provided for in the Stipulation are effective as of the Effective Date.

7. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

---

by the terms of the Stipulation and this Final Judgment and Order of Dismissal. The absence of an Exhibit 1 to this Order reflects that no Persons requested exclusion from the Class.

8. The Escrow Agent appointed by Lead Counsel shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Proofs of Claim and the distribution of the Net Settlement Fund to Class Members.

9. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

10. Class Members who have not been excluded from the Class are hereby barred and enjoined from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or relating to the Released Claims, and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims.

11. Except as otherwise expressly set forth in the Stipulation, upon the Effective Date, pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(f), this Final Judgment and Order of Dismissal bars and permanently enjoins all Persons from instituting or prosecuting any action or proceeding against the Defendants for equitable, partial, comparative, or complete contribution, subrogation, or indemnity, however denominated, arising out of or relating in any way to the Released Claims.

12. Upon the Effective Date hereof, and in consideration of the releases to be provided by Plaintiffs, the Class, and all members thereof, Defendants, and each of them (and their Released Parties), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Plaintiffs, Class Members, Lead Counsel, and each of them, and each of their Released Parties from all Released Defendants' Claims (including Unknown Claims).

13. The Notice was disseminated and published in accordance with the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA")), due process, and any other

applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

14. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing or liability of the Defendants and their Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of any of the Defendants, or any of their Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered, or received against the Defendants, Plaintiffs, their Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or

the availability or lack of availability of meritorious defenses to the claims raised in the Action; and (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Parties and their Released Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount which could have or would have been recovered after trial. Any of the Parties or any of their Released Parties may file this Stipulation and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over the Parties and Members of the Class for all matters relating to the: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest or income earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) construction, interpretation, enforcement, effectuation, and administration of the Stipulation.

17. The Court finds that the complaints filed in the Action were filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. Lead Counsel are hereby awarded 25 % of the Settlement Fund in attorneys' fees and $ 29,343.18 in reimbursement of expenses, with interest earned thereon.

19. The awarded attorneys' fees and expenses, and interest or income earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Final Judgment and Order of Dismissal is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

20. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiffs $ 7500, to be evenly distributed to the three Plaintiffs, for their time and expense in representing the Class. The reimbursement award shall be paid to Plaintiffs from the Settlement Fund pursuant to the terms of the Stipulation.

21. The approved Plan of Allocation or award of attorneys' fees and expenses in no way shall disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Without further approval from the Court, the Parties are authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation and its implementing documents (including all exhibits to the Stipulation) as (a) shall be consistent in all material respects with this Judgment, or (b) do not materially limit the rights of Class Members. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24. As there is no just reason for delay in the entry of this Final Judgment and Order of Dismissal, the Court hereby directs that this Final Judgment and Order of Dismissal be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against Defendants in this Action, it allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class Members.

| | |
|---|---|
| Dated: Nov 26, 2019 | IT IS SO ORDERED:<br><br>*/s/ Stephen V. Wilson*<br>Hon. Stephen V. Wilson<br>United States District Court Judge |